| UNITED STATES DISTRICT COURT | NOT FOR PUBLICATION |
| EASTERN DISTRICT OF NEW YORK | |

SALLY ARTER,

                    Plaintiff,

– against –

PATHMARK STORES, INC. D/B/A
PATHMARK and THE GREAT ATLANTIC
AND PACIFIC TEA CO.,

                    Defendants.

**MEMORANDUM & ORDER**

14-CV-6933 (ERK) (JMA)

KORMAN, J.:

## BACKGROUND

On October 28, 2014 plaintiff Sally Arter, a New York resident, filed suit in the New York Supreme Court in Kings County alleging that the defendants' negligence caused her to trip and fall while shopping at a Pathmark Supermarket. Compl. ¶ 33, ECF No. 1. Arter alleged that she sustained serious and permanent injuries; suffered pain, shock, and mental anguish; incurred, and will continue to incur, medical expenses; and was rendered unable to perform her normal activities and duties. *Id.* ¶¶ 39, 80. Plaintiff's complaint did not specify a damages amount other than to allege that it exceeded the jurisdictional amounts of lower state courts. *Id.* ¶¶ 40, 81.

On November 25, 2014, the defendants removed the case to federal court, asserting diversity jurisdiction pursuant to 28 U.S.C. § 1332. Pathmark is a Delaware corporation with a principal place of business in New Jersey, while the Great Atlantic and Pacific Tea Co. is a Maryland corporation with a principal place of business in New Jersey. Notice of Removal ¶¶ 5-6, ECF No. 1. The parties do not dispute that there is complete diversity of citizenship. Rather, plaintiff, in her motion to remand, argues that the amount in controversy does not exceed $75,000 as required by 28 U.S.C. § 1332. Twice in the motion to remand the case to state court, the plaintiff's attorney "respectfully admits that the value of plaintiff's injuries most likely do[es]

1

not exceed $50,000." Mem. Law Supp. Mot. Remand 7, 11, ECF No. 7. Indeed, plaintiff's attorney wrote that "it is clear that plaintiff is not seeking an amount at or in excess of $75,000." *Id.* at 11. Moreover, in an e-mail to the defendants' attorney on December 1, 2014, Arter's counsel wrote that "the initial demand to settle this case for the Plaintiff is $45,000.00." *Id.* Ex. C. The defendants have indicated that they do not oppose the motion to remand to the extent that the plaintiff "concedes that she is not, and will not at any time during this litigation, seek a total amount in excess of $75,000." Katz Decl. ¶6, ECF No. 8.

## DISCUSSION

The party seeking removal bears the burden of proving by a preponderance of the evidence that the jurisdictional amount has been exceeded. 28 U.S.C. § 1446(c)(2)(B); *Dart Cherokee Basin Operating Co., LLC v. Owens*, No. 13-719, --- S. Ct. ----, 2014 WL 7010692, at *5 (U.S. Dec. 15, 2014); *United Food & Commercial Workers Union, Local 919, AFL-CIO v. CenterMark Properties Meriden Square, Inc.*, 30 F.3d 298, 304-05 (2d Cir. 1994). To determine the amount in controversy, courts should first look to the plaintiff's complaint and then to the defendant's petition for removal. *Mehlenbacher v. Akzo Nobel Salt, Inc.*, 216 F.3d 291, 296 (2d Cir. 2000). If those documents are inconclusive, courts "may look outside those pleadings to other evidence in the record." *United Food & Commercial Workers Union*, 30 F.3d at 305; *Pollock v. Trustmark Ins. Co.*, 367 F. Supp. 2d 293, 297 (E.D.N.Y. 2005).

The plaintiff's offer to settle her claim for less than the jurisdictional amount may be considered as other evidence of the amount in controversy. *Vermande v. Hyundai Motor Am., Inc.*, 352 F. Supp. 2d 195, 202 (D. Conn. 2004). It is not, however, determinative of that amount. *Id.*; *see also Collins v. Flynn*, No. 08-CV-59S, 2008 WL 3851842, at *6 (W.D.N.Y. Aug. 15, 2008) ("The plaintiffs' offer to settle is not a binding resolution of the amount in controversy in this matter."). "Since a settlement offer is not an accurate measure of the

litigation value of a claim—and is often considerably lower[—]the Court cannot, as Plaintiffs urge, construe their Offer for Judgment as establishing the ceiling for the actual value of their claims." *Vermande*, 352 F. Supp. 2d at 203.

The statements to the court made by plaintiff's counsel that plaintiff's claimed damages do not exceed $75,000, Mem. Law Supp. Mot. Remand 7, 11, are more persuasive. While events occurring after removal that reduce the amount in controversy cannot be used to extinguish jurisdiction, *see St. Paul Mercury Indem. Co. v. Red Cab Co.*, 303 U.S. 283, 289-90 (1938), a plaintiff's stipulations may be considered as clarification of the "jurisdictional facts existing at the time of removal, if the complaint was ambiguous or silent as to the precise amount in controversy." *Ryan v. Cerullo*, 343 F. Supp. 2d 157, 159 (D. Conn. 2004) (citing *Meritcare Inc. v. St. Paul Mercury Ins. Co.*, 166 F.3d 214, 223 (3d Cir. 1999); *Asociacion Nacional de Pescadores a Pequena Escala o Artesanales de Colombia v. Dow Quimica de Colombia S.A.*, 988 F.2d 559, 565 (5th Cir. 1993)); *see also Abrego Abrego v. The Dow Chem. Co.*, 443 F.3d 676, 690-91 (9th Cir. 2006) (in dicta); *Vradenburgh v. Wal-Mart Stores, Inc.*, 397 F. Supp. 2d 76, 78 (D. Me. 2005); *Lawson v. Tyco Electronics Corp.*, 286 F. Supp. 2d 639, 642 (M.D.N.C. 2003).

Here, in light of the ambiguity in the complaint, the defendants' willingness to accede to remand of the case after plaintiff's clarification of the amount she seeks, and the lack of definitive evidence demonstrating the amount in controversy exceeds $75,000, plaintiff's concession that her damages do not exceed $75,000 and that she is not seeking damages in excess of that amount is dispositive. Consequently, remand to the state court is appropriate in this case. I pause briefly to note that having stipulated to the value of her claim, the plaintiff is bound by that stipulation as she pursues her case in the state court system. *See Ryan*, 343 F. Supp. 2d at 160; *Delaney v. Wal-Mart Stores, Inc.*, 408 F. Supp. 2d 240, 243 (N.D. Miss. 2005).

## CONCLUSION

Because the amount in controversy here does not exceed $75,000 as required for jurisdiction under 28 U.S.C. § 1332, the case is remanded to New York State Supreme Court, Kings County, from which it was removed.

**SO ORDERED.**

Brooklyn, New York
December 31, 2014

*Edward R. Korman*
Edward R. Korman
Senior United States District Judge